UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

SUSAN ANNETTE SANDY-CROWELL,
JILLIAN LEE CROWELL, and JAMES
CROWELL,

    Plaintiffs,

v.                                          Case No. 1:12-CV-198

VERSPEETEN CARTAGE, LTD., and         HON. GORDON J. QUIST
STANISLAW-LESEK WOJNAS,

    Defendants.
_____/

## OPINION

On March 2, 2012, Plaintiffs, Susan Annette Sandy-Crowell, Jillian Crowell, and James Crowell, filed a complaint against Defendants, Verspeeten Cartage, Ltd. (Verspeeten) and Stanislaw-Lesek Wojnas. The complaint stems from an accident between a vehicle containing two Plaintiffs, Susan and Jillian, and a vehicle driven by Wojnas, who is Verspeeten's employee. The four-count complaint alleges: negligence (Count I); loss of consortium (Count II); statutory and vicarious liability (Count III); and, willful and wanton misconduct, and gross negligence (Count IV).[1]

Defendants have filed a Motion to Dismiss Count IV of Plaintiffs' Complaint. (Docket no. 10.) Plaintiffs have filed a response, to which Defendants have filed a reply. (Docket nos. 15 &18.) The parties requested oral argument, but the Court does not think that oral argument would be helpful. For the reasons set forth below, Defendants' motion will be granted in part and denied in

---

[1] Besides numerically, none of the Counts are labeled. From what this Court can tell, these are the labels that Plaintiffs would have attached to each Count.

part. The motion will be granted insofar as Plaintiffs seek to recover exemplary damages. Defendants' motion will be denied as to Count IV.

## I. ALLEGATIONS

In July, 2010, Susan Crowell was driving her vehicle westbound on Interstate 94 (I-94) near Battle Creek, Michigan. Jillian Crowell, Susan's sixteen-year-old daughter, was in the passenger seat next to her mother. Wojnas, Verspeeten's employee, was driving a semi-truck on I-94 in the same direction as Susan and Jillian were traveling.

At the time, I-94, just east of Battle Creek, was under construction. The construction zone was appropriately marked and signed. The Crowells' vehicle came to a stop in the construction zone. While the Crowells were stopped, Wojnas crashed his vehicle into the rear of the Crowells' vehicle causing a "violent and disastrous" collision. (Compl. ¶ 14.) Both Susan and Jillian suffered severe injuries.

Defendants' instant motion seeks to dismiss solely Count IV. In Count IV, Plaintiffs allege:

> 27. The actions of Defendant Wojnas were so outrageous, willful and wanton, and grossly negligent that compensatory damages alone are not sufficient to compensate Plaintiffs.
>
> 28. The willful and wanton, grossly negligent and reckless behavior of Defendant Wojnas was exhibited through his failure to pay attention and failure to keep his vehicle under control in spite of many warnings and the knowledge, actual or imputed, that vehicles ahead of him were slowing or stopped because of the construction zone.

(*Id*. ¶¶ 27 & 28.)

## II. MOTION STANDARD

A complaint may be dismissed for failure to state a claim if it fails to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007). While a complaint need not contain detailed factual

allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65; *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678, 129 S. Ct. at 1949.

### III. ANALYSIS

#### A. Availability of Exemplary Damages

Exemplary damages are awarded to compensate for mental anguish, humiliation, outrage, or increased injury to a person's feelings that he or she suffered due to the defendant's willful, malicious, or wanton conduct or reckless disregard for the plaintiff's rights. *Peisner v. Detroit Free Press*, 421 Mich. 125, 136, 364 N.W.2d 600, 606 (1984). "To establish that they are entitled to exemplary damages, plaintiffs must establish that the act giving rise to the damages is voluntary, that the voluntary act inspired feelings of humiliation, outrage, and indignity, and that the conduct was malicious or so willful and wanton as to demonstrate a reckless disregard of plaintiffs' rights." *Ramik v. Darling Int'l, Inc.*, 60 F. Supp. 2d 680, 684-85 (E.D. Mich. 1999) (citing *Veselenak v. Smith*, 414 Mich. 567, 574, 327 N.W.2d 261, 264 (1982)). "When compensatory damages can make the injured party whole, [the Michigan Supreme Court] has denied exemplary damages." *Hayes-Albion Corp. v. Kuberski*, 421 Mich. 170, 187, 364 N.W.2d 609, 617 (1984).

"A plaintiff claiming damages for mental and emotional distress will not be entitled to exemplary damages if mental and emotional damages are included as part of compensatory

damages." *Phillips v. Butterball Farms Co.*, 448 Mich. 239, 251 n.32, 531 N.W.2d 144, 149 n.32 (1995). The key to recovering exemplary damages *in addition* to compensatory damages for mental anguish is explicit language in a statute providing for exemplary damages. *See Peisner*, 421 Mich. at 134 n.10, 364 N.W.2d at 605 n.10.

Here, Plaintiffs cite no statutory authority that would allow them to recover exemplary damages in addition to compensatory damages for mental anguish and suffering. In addition, Plaintiffs allege no facts, besides speculation that facts may be uncovered, to show that they could recover non-duplicative exemplary damages. Hence, the complaint does not contain facts to show that Plaintiffs could plausibly recover non-duplicative exemplary damages. *See Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974. Therefore, Plaintiffs' claim for exemplary damages will be dismissed. *See Sweitzer v. Pinnacle Airlines, Inc.*, 2010 WL 1949613, at *4 (W.D. Mich. May 13, 2010) (granting summary judgment on a claim for exemplary damages because the plaintiffs "may recover damages for mental distress and anguish as part of their compensatory damage claim, and they fail to address why exemplary damages would not be duplicative in this case").[2]

Although Plaintiffs cannot recover duplicative exemplary damages, this is not a reason to dismiss Count IV. Count IV is a claim for willful and wanton misconduct and gross negligence. Therefore, Defendants' motion to dismiss – insofar as Plaintiffs seeks to recover exemplary damages – will be granted, but Count IV will not be dismissed.

**B. Willful and Wanton Misconduct and Gross Negligence**

Count IV states that Wojnas' actions were "willful and wanton, and grossly negligent." (Compl. ¶ 27.) Plaintiffs allege that the construction zone where the accident occurred was

---

[2] Plaintiffs can move to amend if they uncover a factual and legal basis to support non-duplicative exemplary damages.

"appropriately marked, signed and appropriate warnings were posted." (*Id*. ¶ 9.) Further, Plaintiffs allege that Wojnas "fail[ed] to pay attention and fail[ed] to keep his vehicle under control in spite of many warnings and the knowledge, actual or imputed, that vehicles ahead of him were slowing or stopped because of the construction zone." (*Id.* ¶ 28.)

Defendants argue that Plaintiffs do not plead sufficient facts to state a claim for gross negligence or for willful and wanton misconduct. Gross negligence is "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." M.C.L.A. § 600.2945(d); *Xu v. Gay*, 257 Mich. App. 263, 269, 668 N.W.2d 166, 169-70 (citing *Jennings v. Southwood*, 446 Mich. 125, 136, 521 N.W.2d 230, 235 (1994)). To state a claim for willful and wanton misconduct, Plaintiffs must allege "an intent to harm or, if not that, such indifference to whether harm will result as to be the equivalent of a willingness that it does." *Jennings*, 446 Mich. at 138, 521 N.W.2d at 236 (quotation omitted).

Defendants' motion will be denied because, taking Plaintiffs' factual allegations are true, it is plausible that Wojnas' actions amounted to gross negligence or willful and wanton misconduct. *See Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974. Contrary to what Defendants argue, the allegations amount to more than a moment of inattentiveness. Plaintiffs allege that Wojnas failed to pay attention to "many" warnings and failed to control his vehicle despite knowing of stopped cars ahead of him. A reasonable juror might conclude, especially in the light of the fact that Wojnas drove the vehicle as his job, that ignoring many construction signs and stopped cars on a highway could amount to a "substantial lack of concern for whether an injury results," *see* M.C.L.A. § 600.2945(d), or "such indifference to whether harm will result as to be the equivalent of a willingness that it does." *See Jennings*, 446 Mich. at 138, 521 N.W.2d at 236 (quotation omitted).

Therefore, Defendants' motion to dismiss Count IV will be denied.

## IV. Conclusion

Defendants' motion to dismiss will be granted insofar as Plaintiffs' complaint seeks exemplary damages. Defendants' motion to dismiss Count IV will be denied because Count IV states a claim for gross negligence or willful and wanton misconduct.

A separate Order will issue.


Dated: August 13, 2012                       /s/ Gordon J. Quist
                                                                        GORDON J. QUIST
                                                          UNITED STATES DISTRICT JUDGE